# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs May 15, 2013

## STATE OF TENNESSEE v. RODNEY DEWAYNE BURTON

**Appeal from the Circuit Court for Montgomery County**
**No. 41200249    John H. Gasaway, III, Judge**

**No. M2012-02613-CCA-R3-CD - Filed June 28, 2013**

Pursuant to a plea agreement, appellant, Rodney Dewayne Burton, entered a "no contest" plea for criminally negligent homicide, a Class E felony, with sentencing to be determined by the trial court. Following a sentencing hearing, the trial court sentenced appellant to two years, suspended the sentence, and placed appellant on probation. On appeal, appellant contends that the trial court misapplied an enhancement factor when determining his sentence and asks that this court reduce his sentence to a one-year suspended sentence. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Roger Eric Nell, District Public Defender; and Charles S. Bloodworth, Assistant District Public Defender, Clarksville, Tennessee, for the appellant, Rodney Dewayne Burton.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Kimberly Lund, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Facts

The facts underlying appellant's conviction for the criminally negligent homicide of his five-month-old son on November 4, 2011, are not in dispute. We glean from the transcript of the September 4, 2012 plea hearing that appellant went to sleep while under the influence of alcohol and marijuana. His infant son was sleeping in the same bed. During the

night, appellant apparently rolled over onto his son.  When appellant woke in the morning, his son was not breathing and was later declared dead.

The trial court held a sentencing hearing on October 30, 2012.  The trial court admitted appellant's pre-sentence report into evidence and heard appellant's testimony. Appellant testified that he had lost his job as a result of his incarceration in a separate case involving child support and was living with his mother.  He further testified that he did not have any minor children in his care and would never allow a child to sleep with him in the same bed again.  Appellant stated that his son's death affected him "[a] great deal." Appellant's pre-sentence report and testimony revealed that he had prior convictions for simple assault and driving without a license.  The trial court found that one enhancement factor applied: that the victim was particularly vulnerable due to age.[1]  Thereafter, the trial court sentenced appellant to two years, suspended the sentence, and placed appellant on probation.

## II.  Analysis

On appeal, appellant contends that the trial court misapplied the enhancement factor that the victim was particularly vulnerable due to age.  He further argues that nothing else in the record supports his sentence, so the principle announced in *State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012), that a misapplied enhancement factor is insufficient to overturn a sentence if the record otherwise supports the sentence, does not apply to his case.  The State responds that the trial court properly applied the enhancement factor and did not abuse its discretion in sentencing appellant to the maximum sentence in his range.  We agree with the State.

Criminally negligent homicide is a Class E felony.  Tenn. Code Ann. § 39-13-212(b) (2010).  As a Range I offender, appellant was subject to a sentence of one to two years. Although he requested judicial diversion, he was not eligible to receive it due to his prior conviction and incarceration for simple assault, a Class A misdemeanor.  *See* Tenn. Code Ann. § 40-35-313 (2010 & Supp. 2012).  Appellant was also subject to probation supervision for up to six years, the maximum sentence for a Class E felony.  *See id.* § 40-35-303(c)(1). The trial court applied one enhancement factor, Tennessee Code Annotated section 40-35-114(4), and sentenced appellant to two years.  The trial court suspended the sentence and placed appellant on probation for two years.

In determining an appropriate sentence, a trial court must consider the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing

---

[1]  Tenn. Code Ann. § 40-35-114(4) (2010 & Supp. 2012).

alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on mitigating and enhancement factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant makes on his own behalf as to sentencing; and (8) the potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -113, -210(b) (2010); Tenn. Code Ann. § 40-35-114 (2010 & Supp. 2012). In addition, "[t]he sentence imposed should be the least severe measure necessary to achieve the purposes for which the sentence is imposed." Tenn. Code Ann. § 40-35-103(4) (2010 & Supp. 2012).

Pursuant to the 2005 amendments, the Sentencing Act abandoned the statutory presumptive minimum sentence and rendered enhancement factors advisory only. *See* Tenn. Code Ann. § 40-35-114 (2010 & Supp. 2012); Tenn. Code Ann. § 40-35-210(c) (2010). The 2005 amendments set forth certain "advisory sentencing guidelines" that are not binding on the trial court; however, the trial court must nonetheless consider them. *See id*. § 40-35-210(c). Although the application of the factors is advisory, a court shall consider "[e]vidence and information offered by the parties on the mitigating and enhancement factors in §§ 40-35-113 and 40-35-114." *Id*. § 40-35-210(b)(5). The trial court must also place on the record "what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, to ensure fair and consistent sentencing." *Id*. § 40-35-210(e). The weighing of mitigating and enhancing factors is left to the sound discretion of the trial court. *State v. Carter*, 254 S.W.3d 335, 345 (Tenn. 2008). The burden of proving applicable mitigating factors rests upon appellant. *State v. Mark Moore*, No. 03C01-9403-CR-00098, 1995 WL 548786, at *6 (Tenn. Crim. App. Sept. 18, 1995). The trial court's weighing of the various enhancement and mitigating factors is not grounds for reversal under the revised Sentencing Act. *Carter*, 254 S.W.3d at 345 (citing *State v. Devin Banks*, No. W2005-02213-CCA-R3-DD, 2007 WL 1966039, at *48 (Tenn. Crim. App. July 6, 2007), *aff'd as corrected*, 271 S.W.3d 90 (Tenn. 2008)).

When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. *Bise*, 380 S.W.3d at 707. This standard of review also applies to "the questions related to probation or any other alternative sentence." *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). If a trial court misapplies an enhancing or mitigating factor in passing sentence, said error will not remove the presumption of reasonableness from its sentencing determination. *Bise*, 380 S.W.3d at 709. This court will uphold the trial court's sentencing decision "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id*. at 709-10. Moreover, under such circumstances, appellate courts may not disturb the sentence even if we had preferred a

different result. *See Carter*, 254 S.W.3d at 346. The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Comm'n Cmts.; *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

Appellant is challenging the trial court's application of Tennessee Code Annotated 40-35-114(4), which states that a trial court may enhance a defendant's sentence when the "victim of the offense was particularly vulnerable because of age or physical or mental disability." Whether a victim is "particularly vulnerable" for purposes of this factor is "a factual issue to be resolved by the trier of fact on a case by case basis." *State v. Lewis*, 44 S.W.3d 501, 505 (Tenn. 2001); *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997). Under *Lewis*, the State must proffer some evidence in addition to the victim's age to establish that the victim's vulnerability "had some bearing on, or some logical connection to, 'an inability to resist the crime, summon help, or testify at a later date.'" *Lewis*, 44 S.W.3d at 505 (quoting *Poole*, 945 S.W.2d at 96).

Relying on *State v. Butler*, 900 S.W.2d 305, 313 (Tenn. Crim. App. 1994), appellant contends that the enhancement factor was misapplied in his case because there was no contemplation on the part of appellant to commit the offense against his son due to his son's age. In *Butler*, this court stated that a defendant "must have taken advantage of" a victim's vulnerability when committing the offense. *Id.* However, in *Lewis*, our supreme court overruled any cases that interpreted Tennessee Code Annotated section 40-35-114(4) to mean that the State had an additional burden "to prove that a defendant actually evaluated the vulnerabilities of his victims and then acted to capitalize on those perceived vulnerabilities." *Lewis*, 44 S.W.3d at 505. The supreme court further noted, "Proof that the victim was in fact vulnerable to the crime as committed by the defendant is sufficient to satisfy use of the enhancement factor." *Id.* at 505 n.2. Therefore, the State did not have to show that appellant contemplated his action before rolling over his five-month-old child, and appellant's argument is inapposite.

The record supports the trial court's application of the enhancement factor, as the five-month-old would have been wholly unable to protect himself due to his size. We conclude that the trial court did not abuse its discretion in sentencing appellant to the within-range sentence of two years. Furthermore, the trial court did not abuse its discretion by ordering probation supervision for two years because the trial court could have ordered probation for up to six years for a Class E felony. *See* Tenn. Code Ann. § 40-35-303(c)(1) (2010 & Supp. 2012). Therefore, appellant is without relief as to this issue.

## CONCLUSION

Based on the record, the applicable law, and the parties' briefs, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE